# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:23-CV-00177-HBB

PAMELA G.[1]                                                        PLAINTIFF

VS.

MARTIN O'MALLEY, COMMISSIONER
SOCIAL SECURITY[2]                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

Before the Court is the Complaint (DN 1) of Pamela G. ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 9) and Defendant (DN 11) have filed a Fact and Law Summary. For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 7). By Order entered February 8, 2024 (DN 8), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

---

1 Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.
2 Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is substituted as the defendant in this suit.

## II.     FINDINGS OF FACT

On August 13, 2020, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income (Tr. 11, 216-22, 223-30). Plaintiff alleged that she became disabled on August 11, 2019, as a result of being blind or having low vision out of right eye, broken cheekbone, dislocated lens, generalized anxiety disorder, post-traumatic stress disorder ("PTSD"), facial disfigurement from scarring, and head trauma (Tr. 11, 80, 90, 109, 117, 243).[3] The application was denied initially on February 19, 2021, and upon reconsideration on August 22, 2021 (Tr. 11, 105, 106, 107, 108).[4] On October 21, 2021, Plaintiff filed a written request for hearing (Tr. 11, 149-52).[5]

On March 31, 2022, and on August 2, 2022, Administrative Law Judge Jonathan Stanley ("ALJ") conducted online video hearings due to the circumstances presented by the COVID-19 pandemic (Tr. 11, 26-55, 56-70). Plaintiff, who chose to proceed *pro se*, participated and testified at both hearings (*Id.*). Kenny Boaz, an impartial vocational expert, testified during the first hearing (Tr. 11, 56-70). Marissa Howell an impartial vocational expert, testified during the second hearing (Tr. 11, 26-55).

In a decision dated January 17, 2023, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 11-20). The ALJ began by noting that Plaintiff met the insured status requirements of the Social Security Act

---

3 At the reconsideration level Plaintiff's list of impairments expanded to include extreme pain, inability to focus on anything, eye pain, face pain, and extreme pressure, tripping due to eyesight, debilitating headaches, stomach aches, vomiting, extreme stress, sensitivity to light and noise, problems standing, problems sitting, decision making, pressure from face swelling, nerve damage in face, drooling problems, and panic attacks (Tr. 109, 117).
4 The ALJ indicates the application was denied upon reconsideration on August 23, 2021 (Tr. 11). As the Disability Determination and Transmittal forms indicate August 22, 2021 (Tr. 107, 108), the undersigned has used that date.
5 The ALJ indicates the written request for hearing was received on October 20, 2021 (Tr. 11). As the Request for Hearing form indicates October 21, 2021 (Tr. 149), the undersigned has used that date.

through December 31, 2013 (Tr. 13). But, at the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since August 11, 2019, the alleged onset date (*Id.*). At the second step, the ALJ determined that Plaintiff has the following severe impairments: status-post right eye injury (orbital implant and ocular prosthesis, right eyelid repair, and right orbital floor implant); status-post facial fracture; status-post sinus fracture; migraine headaches; major depressive disorder; panic disorder; generalized anxiety disorder; PTSD; and obsessive-compulsive disorder (Tr. 14). The ALJ also determined that Plaintiff has the following non-severe impairments: hypothyroidism, insomnia, and a history of anemia (*Id.*). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (*Id.*).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: she cannot climb ropes, ladders and scaffolds; she cannot work out doors; she cannot operate commercial vehicles; she must avoid concentrated exposure to temperature extremes, humidity, wetness, loud noise and pulmonary irritants; she can perform work that requires frequent near and far acuity, and frequent depth perception; she can frequently read computer screens and normal 11 point font size print; she can frequently handle small objects; she can avoid ordinary hazards in the workplace, such as boxes on the floor, doors ajar, or approaching people or vehicles, but cannot work at unprotected heights or around hazards such as heavy equipment or moving mechanical parts; she can understand, remember and carry out simple instructions and use judgement to make simple work-related decisions; she can maintain adequate attention and concentration to perform simple tasks on a sustained basis with normal supervision; she can

manage and tolerate occasional changes in a routine work setting; she can adapt to the pressures of simple routine work; and she can interact occasionally with supervisors, coworkers and the general public (Tr. 15). Additionally, the ALJ determined that Plaintiff is unable to perform any past relevant work (Tr. 19).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 19-20). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (*Id.*). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from August 11, 2019, through the date of the decision, January 17, 2023 (Tr. 20).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 149-52). The Appeals Council denied Plaintiff's request for review (Tr. 1-3).

### III.   CONCLUSIONS OF LAW

#### A.   Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for

substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the ALJ's decision and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996); *Cotton*, 2 F.3d at 695-96.

        B.     The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 423(d)(1)(A) (Title II); 42 U.S.C. § 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002); *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the RFC to return to his or her past relevant work?

5) Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). Here, the ALJ denied Plaintiff's claim at the fifth step.

C. Challenges to Finding Nos. 5 and 10

*1. Arguments of the Parties*

Plaintiff believes that the RFC determination in Finding No. 5 is not supported by substantial evidence because the ALJ committed legal error by failing to properly explain how the supportability and consistency factors were considered in assessing the persuasiveness of the opinion rendered by consultative examiner Jenifer Fishkoff, Ph.D. (DN 9-1 PageID # 1009, 1016-24).[6] Plaintiff also contends that the RFC determination is not supported by substantial

---

6 Relatedly, Plaintiff asserts that the ALJ's mental RFC determination does not accommodate Dr. Fishkoff's findings that Plaintiff's ability to tolerate frustration, conform to social standards as well as maintain employment is moderately

evidence because the ALJ committed legal error by failing to comply with Social Security Ruling 16-3p ("SSR 16-3p") in his analysis of the third-party statement proffered by Plaintiff's husband (*Id.* at PageID # 1024-25).  Plaintiff argues that if Dr. Fishkoff's "moderate to severe" limitations had been properly credited in the ALJ's RFC determination then the vocational expert's testimony would have directed a finding of disability at Finding No. 10 (*Id.* at PageID # 1023-24). Alternatively, Plaintiff argues that if the ALJ had complied with SSR 16-3p a finding of disability would have resulted at Finding No. 10 (*Id.* at PageID 1024-25).

Defendant posits that Plaintiff has failed to show that the ALJ improperly evaluated Dr. Fishkoff's opinion because the ALJ did consider its supportability and consistency before determining the opinion was partially persuasive (DN 11 PageID # 1029, 1031-40).  Defendant explains that Dr. Fishkoff's opinion concerning Plaintiff's ability to work is reserved to the Commissioner and because the opinion is inherently neither valuable nor persuasive, the ALJ was not required to provide any analysis about how he considered the opinion (*Id.* at PageID # 1033) (citing 20 C.F.R. § 416.920b(c); *Michael M. v. Kijakazi*, No. 5:23-CV-87-CRS-LLK, 2024 WL 209750, at *11 (W.D. Ky. Jan. 19, 2024) (explaining that opinions on issues reserved to the Commissioner are of no value).  Defendant points out that the ALJ complied with SSR 16-3p because he considered the husband's third-party function report and found it not persuasive because it was subjective and not supported by the record (*Id.* at PageID # 1029, 1041-42).

2. *Applicable Law*

The residual functional capacity determination is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations.

---

to severely impaired and that Plaintiff does "not appear to be capable of tolerating the stress and pressures associated with day-to-day activity" (DN 9-1 PageID # 1018) (citing Tr. 690, 691).

7

20 C.F.R. §§ 404.1545(a), 404.1546(c), 416.945(a), 416.946(c). Administrative Law Judges make this finding based on a consideration of medical source statements, prior administrative medical findings, and all other evidence in the case record. 20 C.F.R. §§ 404.1529, 404.1545(a)(3), 404.1546(c), 416.929, 416.945(a)(3), 416.946(c). Thus, in making the residual functional capacity determination Administrative Law Judges must necessarily evaluate the persuasiveness of the medical source statements and prior administrative medical findings in the record as well as assess the claimant's subjective allegations. 20 C.F.R. §§ 404.1520c, 404.1529(a), 416.1520c, 416.1529(a).

The new regulations for evaluating medical opinions and prior administrative medical findings are applicable to Plaintiff's case because she filed her application after March 27, 2017 (Tr. 11, 216-22, 223-30). *See* 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations explicitly indicate "[w]e will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),"[7] in the record, even if it comes from a treating medical source. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[8] Instead, Administrative Law Judges will now evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.

---

7 At the initial and reconsideration levels State agency medical and psychological consultants review the evidence in the case record and make "administrative medical findings." 20 C.F.R. §§ 404.1513a(a)(1), 416.913a(a)(1). Administrative law judges "must consider" the administrative medical findings of non-examining state agency medical or psychological consultants according to the new regulation. 20 C.F.R. §§ 404.1513a(b)(1), 416.913a(b)(1).
8 The language quoted above indicates that the new regulation has done away with the controlling weight rule in 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).[9] Of these five factors, the two most important are supportability and consistency. 20 C.F.R. §§ 404.1520c(a) and (b)(2), 416.920c(a) and (b)(2). Further, the regulation requires Administrative Law Judges to explain how they considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Notably, under the regulations Administrative Law Judges "may, but are not required to, explain how" they considered the three other factors in determining the persuasiveness of the medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

   3. *Discussion*

The Court will begin with Plaintiff's claim that the ALJ's persuasiveness assessment of Dr. Fishkoff's opinion does not comport with 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). At the request of the state agency, Dr. Fishkoff conducted a consultative psychological examination of Plaintiff on February 10, 2021 (Tr. 684). Dr. Fishkoff noted that Plaintiff was oriented to person, place, and time; she was able to recall one set of six digits forward and two sets of four in reverse; her short-term memory was average; she was able to recall three objects out of three after a five-minute period; she was able to answer how many days there are in a year; she was unable to complete serial subtractions of 7s from 100 due to losing her focus; and she was able to complete serial subtractions of 3s from 30 but made one error (Tr. 687-88). Dr. Fishkoff's diagnostic impression was generalized anxiety disorder, severe; and unspecified depressive disorder (Tr. 690). Dr. Fishkoff indicated that Plaintiff had average intellect and reported that

---

9 In assessing the relationship with the client, consideration should be given to the following: length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship. 20 C.F.R. §§ 404.1520c(c)(3)(i)-(v), 416.920c(c)(3)(i)-(v).

Plaintiff's judgment, insight, reasoning abilities, recall, short-term memory, and concentration were all within normal limits (*Id.*).

Notably, Dr. Fishkoff suggested that "[b]ased upon [Plaintiff's] educational background, perhaps working with Vocational Rehabilitation would serve her best" (*Id.*). Yet Dr. Fishkoff opined that Plaintiff's ability to tolerate frustration, conform to social standards as well as maintain employment is moderately to severely impaired; her ability to understand, retain, and follow instructions (during an eight-hour workday) is moderately impaired; her ability to perform simple and repetitive tasks is moderately impaired; *and* she "does not appear to be capable of tolerating the stress and pressures associated with day-to-day work activity" (Tr. 690-91).

In assessing the persuasiveness of Dr. Fishkoff's opinion, the ALJ focused on the four broad functional areas that are known as the paragraph "B" criteria (Tr. 17-18). *See* 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). At the second and third steps of the sequential evaluation process, the paragraph "B" criteria are utilized to assess the degree of limitation imposed by mental impairments. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). The paragraph "B" criteria are: "1. *Understand, remember, or apply information (paragraph B1)*"; "2. *Interact with others (paragraph B2)*"; "*3. Concentrate, persist, or maintain pace (paragraph B3)*"; and "*4. Adapt or manage oneself (paragraph B4)*". 20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00E1-4; *see* 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). Each of the four areas of mental functioning are evaluated on the following five-point rating scale:

> a. *No limitation (or none)*. You are able to function in this area independently, appropriately, effectively, and on a sustained basis.
>
> b. *Mild limitation*. Your functioning in this area independently, appropriately, effectively, and on a sustained basis is slightly limited.

>> c. *Moderate limitation.* Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair.
>
> d. *Marked limitation.* Your functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited.
>
> e. *Extreme limitation.* You are not able to function in this area independently, appropriately, effectively, and on a sustained basis.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.00F2a-e; *see* 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4).

The ALJ acknowledged Dr. Fishkoff's opinion that Plaintiff had a moderate limitation in the first and third broad functional areas, and that Plaintiff had a moderate to severe limitation in the second broad functional area (Tr. 17-18). The ALJ pointed out that Dr. Fishkoff's opinion did not address the fourth broad functional area—adapt or manage oneself (Tr. 18). The ALJ explained that Dr. Fishkoff had instead opined that Plaintiff "does not appear capable of tolerating stress and pressure associated with day to day work activity" (*Id.*).

The ALJ identified several reasons why he found Dr. Fishkoff's opinion "partially persuasive" (*Id.*). The first reason was Dr. Fishkoff failed to address all four broad functional areas in the paragraph "B" criteria (*Id.*). Plaintiff does not dispute this finding, and it is supported by substantial evidence in the record.

The next reason that the ALJ provided is Plaintiff's mental health treatment records, as discussed in the medical summary, support at most a moderate level limitation in each of the four broad functional areas (*Id.*).[10] As Dr. Fishkoff opined that Plaintiff had a moderate limitation in

---

10 The ALJ's synopsis of the treatment evidence in the record reads as follows:

> As to her mental health, the claimant's mental health records in the file date back to 2011. (See Exhibit 1F). Her primary symptoms include panic, anxiety, and

11

the first and third broad functional areas, it can reasonably be inferred that the ALJ found this portion of Dr. Fishkoff's opinion persuasive because it was consistent with the evidence from other medical sources in the record. As Dr. Fishkoff opined that Plaintiff had a moderate to severe limitation in the second broad functional area, it can reasonably be inferred that the ALJ found this portion of Dr. Fishkoff's opinion not persuasive because it was inconsistent with the evidence from other medical sources in the record which supported at most a "moderate" limitation in each of the four broad functional areas (*Id.*). It can also reasonably be inferred, from his summary of the objective test results, that the ALJ concluded those test results in Dr. Fishkoff's own report do not support her opinion that Plaintiff has a moderate to severe limitation in the second broad functional area (*Id.*). Therefore, the ALJ met the goal of §§ 404.1520c(b)(2) and 416.920c(b)(2) even though he has not complied explicitly with the terms of the regulation.[11]

---

> depression, as well as bouts of insomnia. (See Exhibits 1F, 11F, and 13F). The claimant's anxiety attacks started in 2001, and there are notes regarding additional symptoms of racing thoughts, racing heart rate, and sweats. (See Exhibit 1F, p. 1). The claimant has received specialized mental health care, including psychiatric consultation and medication management. (See Exhibits 1F and 11F). Mental status evaluations, dated July 2021, and March 2022, show that the claimant's depression and insomnia were mostly related to residual trauma from her automobile accident in 2019. (See Exhibit 13F, p. 3). In July 2021, the claimant was appropriately dressed, with normal speech, good eye contact, linear thoughts, with anxious and depressed mood. (See Exhibit 11F, p. 9). In March 2022, her mental status was noted to be calm and cooperative for a primary care visit. (See Exhibit 13F, p. 4). The claimant's symptoms have varied throughout her years of treatment, but her medications have been adjusted to accommodate the fluctuations in her conditions, and the mental portion of the decisional residual functional capacity provides ample limitation for all of the symptoms related to her various diagnoses.

(Tr. 16-17).

11 The Sixth Circuit has yet to articulate a harmless error test for procedural violations under §§ 404.1520c(b)(2) and 416.920c(b)(2). It has, however, set forth a test for identifying harmless error for procedural violations under §§ 404.1527(c)(2) and 416.927(c)(2), a regulation that applies to the evaluation of medical opinions for claims filed before March 27, 2017. *See Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004). Under this test, a violation of the procedural requirements in §§ 404.1527(c)(2) and 416.927(c)(2) may qualify as harmless error if one of the following requirements is satisfied:

As mentioned above, the ALJ acknowledged but did not assess the persuasiveness of Dr. Fishkoff's opinion that Plaintiff does not appear capable of tolerating stress and pressure associated with day-to-day work activity (Tr. 18). The regulations indicate that statements concerning whether a claimant is "able to work" or is "able to perform regular or continuing work" is "[e]vidence that is inherently neither valuable nor persuasive" on the question of whether a claimant is disabled under the Act, and the Agency will not provide any analysis about how it considered such evidence, even under 20 C.F.R. §§ 404.1520c and 416.920c, because the statements are on an issue "reserved to the Commissioner." 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i). Consequently, the ALJ's decision—not to assess the persuasiveness of this opinion on an issue reserved to the Commissioner—comports with applicable law.

As previously mentioned, Plaintiff believes that the RFC determination in Finding No. 5 is not supported by substantial evidence because the ALJ committed legal error by failing to properly explain how the supportability and consistency factors were considered in assessing the

---

(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § [416.927(c)(2)] . . . even though she has not complied with the terms of the regulation.

*Cole*, 661 F.3d at 940 (citation omitted). Since the adoption of §§ 404.1520c(b)(2) and 416.920c(b)(2), courts within the Circuit have utilized the above-mentioned requirements for identifying whether procedural violations under §§ 404.1520c(b)(2) and 416.920c(b)(2) may qualify as harmless error. *See, e.g., Jada H. v. O'Malley*, No. 3:22-CV-520-CRS-RSE, 2024 WL 659500, at *3-4 (W.D. Ky. Feb. 16, 2024); *Demontra D. v. Kijakazi*, No. 3:21-CV-00454-DJH-RSE, 2022 WL 4091969, at *3 (W.D. Ky. July 19, 2022), *report and recommendation adopted*, 2022 WL 4082479 (W.D. Ky. Sept. 6, 2022). Here, the Court is concerned with only the third requirement for finding harmless error. Under this requirement, the Court is reviewing the ALJ's decision to determine whether the ALJ met the goal of §§ 404.1520c(b)(2) and 416.920c(b)(2) even though he has not complied with the terms of the regulation. For example, in *Vaughn v. Comm'r of Soc. Sec.*, the district court found that "the ALJ's discussion of [the claimant's] medical history [was], in essence, a discussion of whether the evidence [the non-examining physician] reviewed could actually support his conclusions." No. 20-CV-1119-TMP, 2021 WL 3056108, at *12 (W.D. Tenn. July 20, 2021). The district court explained because the ALJ's decision on the whole gave the court a logical understanding of why the ALJ believed the opinion lacked record support, the regulation's goal for the ALJ to "provide a coherent explanation of his or [her] reasoning" as to how persuasive a physician opinion is satisfied. *Id.* (cleaned up).

persuasiveness of the opinion rendered by consultative examiner Dr. Fishkoff. For the reasons set forth above, the ALJ properly explained how the supportability and consistency factors were considered in assessing the persuasiveness of Dr. Fishkoff's opinion. Moreover, the ALJ explained why he did not adopt Dr. Fishkoff's opinion that Plaintiff's ability to tolerate frustration and conform to social standards is moderately to severely impaired. Additionally, the ALJ was not required to assess or adopt Dr. Fishkoff's opinion about Plaintiff's ability to maintain employment because that is an issue reserved for the Commissioner. *See* 20 C.F.R. §§ 404.1520b(c)(3)(i), 416.920b(c)(3)(i). Plaintiff also accuses the ALJ of failing to consider certain test results in Dr. Fishkoff's report. Inasmuch as substantial evidence supports the ALJ's decision, the Court must defer to it, "even if there is substantial evidence in the record that would have supported an opposite conclusion . . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up). Consequently, Plaintiff is not entitled to relief on this challenge to the ALJ's RFC determination. As Plaintiff's challenge to Finding No. 10 is premised on the ALJ failing to properly credited Dr. Fishkoff's "moderate to severe" limitations, which as explained above is without merit, the Court finds that Plaintiff is not entitled to relief on her challenge to Finding No. 10.

Plaintiff also contends that the RFC determination is not supported by substantial evidence because the ALJ's cursory analysis of the third-party statement proffered by Plaintiff's husband does not comply with Social Security Ruling 16-3p ("SSR 16-3p") (DN 9-1 PageID # 1024-25). This claim is equally unavailing because the ALJ complied with SSR 16-3. Specifically, SSR 16-3p directs that if a disability determination or decision that is fully favorable cannot be made based solely on objective medical evidence, then careful consideration of evidence from other

sources will be made in reaching a conclusion about the intensity, persistence, and limiting effects of the claimant's symptoms. SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25, 2017). Additionally, SSR 16-3 advises that non-medical sources such as family and friends "may provide" information from which "inferences and conclusions" may be drawn about the claimant's subjective statements "that would be helpful . . . in assessing the intensity, persistence, and limiting effects of symptoms." *Id.* at *7. The ALJ complied with SSR 16-3p because he considered the husband's third-party function report and found it "not persuasive, as it is subjective, and the claimant's decisional residual functional capacity is based on objective medical evidence in the file" (Tr. 18).

Plaintiff's reliance on dicta in *Maloney v. Comm'r of Soc. Sec.*, 480 F. App'x 804, 810 (6th Cir. 1996) is pointless. The dicta merely indicates that ALJs must acknowledge lay witness testimony in the record and provide reasons for not crediting that testimony. *Id.* Here, even though the husband's third-party function report was not given under oath (Tr. 289-97), the ALJ acknowledged it and provided good reasons for not crediting the husband's statement (Tr. 18). Consequently, Plaintiff is not entitled to relief on this challenge to the ALJ's RFC determination. As Plaintiff's challenge to Finding No. 10 is premised on the ALJ failing to comply with SSR 16-3p, which as explained above is without merit, the Court finds that Plaintiff is not entitled to relief on her challenge to Finding No. 10.

### D. Conclusion

As the Court noted previously, "[a]s long as substantial evidence supports the Commissioner's decision, we must defer to it, even if there is substantial evidence in the record that would have supported an opposite conclusion . . ." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (cleaned up). Regardless of how this Court may view the evidence, it is

not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Rather, this Court is only to find if substantial evidence exists to support the ALJ's decision and if the ALJ followed the applicable law. *Id.* After reviewing the record, the Court concludes that the ALJ's determination is supported by substantial evidence in the record and correctly followed the applicable law. Therefore, Plaintiff is not entitled to relief with regard to her challenges.

## IV. ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

August 8, 2024

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel